UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHANNON SPENCER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BNY MELLON SECURITIES CORPORATION, a foreign profit corporation; BANK OF NEW YORK MELLON, a foreign bank corporation; and DOES 1-10,<br><br>Defendants. | No. 2:23-cv-01767<br><br>**NOTICE OF REMOVAL**<br><br>Removed from King County Superior Court (Case No. 23-2-19946-4 SEA)<br><br>[28 U.S.C. §§ 1332(a), 1441, and 1446] |

**TO:** THE CLERK OF COURT FOR THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON

**AND TO:** PLAINTIFF AND ALL ATTORNEYS OF RECORD

**NOTICE IS HEREBY GIVEN THAT:**

Defendants BNY Mellon Securities Corporation and The Bank of New York Mellon (incorrectly named as "Bank of New York Mellon"), by and through counsel, hereby remove the above-entitled action from the Superior Court of the State of Washington in and for King County to the United States District Court for the Western District of Washington, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, because complete diversity exists between the parties. Defendants deny the allegations and relief sought and file this Notice without waiving any defenses, exceptions, or

NOTICE OF REMOVAL - 1
CASE NO. 2:23-CV-01767

MORGAN, LEWIS & BOCKIUS LLP
1301 Second Avenue
Suite 2800
Seattle, WA 98101
+1.206.274.6400

obligation that may exist in their favor. Defendants will provide additional evidence to support the allegations of this pleading as required in the event a challenge is raised to the Court's jurisdiction.

## I. PROCEDURAL BACKGROUND

1. On October 16, 2023, Plaintiff Shannon Spencer filed a complaint in King County Superior Court (the "Complaint") individually and on behalf of the members of a Class. A true and correct copy of the complaint is attached as Exhibit A.

2. On October 19, 2023, Plaintiff served copies of the Summons and Complaint on the registered agent for Defendants. Copies of these documents are attached as Exhibit B.

3. The Complaint asserts three causes of action, all of which arise from the same fundamental claim. First, the Complaint seeks statutory or actual damages, whichever is greater, based on the alleged failure to disclose wage scales or salary ranges in job postings for positions in Washington State, purportedly in violation of RCW 49.58.110. Compl. ¶¶ 16–17, 28–32. Second, the Complaint seeks an injunction requiring Defendants to disclose wage scales or salary ranges in each job posting for a position in Washington State. Compl. ¶¶ 33–34. Finally, the Complaint seeks a declaration that the alleged practice of failing to disclose wage scales or salary ranges in job postings for positions in Washington State is illegal. Compl. ¶¶ 35–37. Additionally, the Complaint seeks a statutory award of attorneys' fees under RCW 49.58.070(1). Compl. § VII, ¶ 3.

4. As alleged in the Complaint, Spencer is a resident of Washington, and he brings this action on behalf of applicants for certain positions with Defendants in Washington state from January 1, 2023 through the present. Compl. at ¶¶ 8, 20.

## II. REMOVAL IS TIMELY

5. Plaintiff served the registered agent for Defendants on October 19, 2023. Thirty days from service of the Summons and Complaint is on Saturday, November 18, 2023. This Notice of Removal is therefore due by Monday, November 20, 2023. Fed. R. Civ. P. 6(a)(1)(C). Because

NOTICE OF REMOVAL - 2
CASE NO. 2:23-CV-01767

MORGAN, LEWIS & BOCKIUS LLP
1301 Second Avenue
Suite 2800
Seattle, WA 98101
+1.206.274.6400

this Notice is filed within thirty days from service, it is timely under 28 U.S.C. §§ 1446(b) and 1453. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

### III.   VENUE

6.   Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the United States District Court for the Western District of Washington embraces the place where this action is pending, King County Superior Court.

### IV.   DIVERSITY JURISDICTION

7.   This is a civil action over which this Court has jurisdiction under 28 U.S.C. § 1332 because, upon information and belief, complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000 for the named Plaintiff, exclusive of interests and costs.

**A.   Complete Diversity of Citizenship Exists Between the Parties.**

8.   Complete diversity exists under 28 U.S.C. § 1332(a) between Plaintiff and Defendants because Plaintiff and Defendants are citizens of different states.

**1.   Plaintiff Is a Citizen of Washington.**

9.   "An individual is a citizen of the state in which he is domiciled." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)). Domicile is determined by "an individual's 1) residence in a state, and 2) his intent to remain indefinitely." *Boon*, 229 F. Supp. 2d at 1019. Evidence of continuing residence creates a presumption of domicile. *Washington v. Hovensa LLC*, 652 F.3d 340, 395 (3d Cir. 2011); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994).

NOTICE OF REMOVAL - 3
CASE NO. 2:23-CV-01767

MORGAN, LEWIS & BOCKIUS LLP
1301 Second Avenue
Suite 2800
Seattle, WA  98101
+1.206.274.6400

10. In the Complaint, Spencer alleges he "is a resident of King County, Washington, and applied to work for Defendants at their Seattle, King County, Washington facility." Compl. ¶ 8. Spencer's continued residence in Washington creates the presumption that he is domiciled in Washington and is a citizen of the State of Washington for purposes of removal. *See Hovensa LLC*, 652 F. 3d at 395; *State Farm Mut. Auto. Ins. Co.*, 19 F.3d at 519.

2. **Defendants Are Citizens of New York.**

11. For purposes of establishing diversity jurisdiction, a corporation is deemed to be a citizen of any state in which it has been incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The "principal place of business" for the purpose of determining diversity jurisdiction refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities . . . [I]n practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the 'nerve center,' and not simply an office where the corporation holds its board meetings." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

12. Defendants BNY Mellon Securities Corporation[1] and The Bank of New York Mellon[2] are organized under the laws of the State of New York. BNY Mellon Securities Corporation and The Bank of New York Mellon have principal places of business and corporate headquarters in New York, New York, where their officers direct, control, and coordinate corporate activities. Defendants are not and have never been organized under the laws of the State of Washington, nor are their headquarters, executive offices, or officers based in Washington. In sum, Defendants are citizens of the State of New York.

---

[1] *Entity Information*, N.Y. Dep't of State Div. of Corps., https://apps.dos.ny.gov/publicInquiry/EntityDisplay (last visited Nov. 16, 2023).

[2] The Bank of New York Mellon Corporation, Annual Report (Form 10-K) 5 (Feb. 27, 2023); *Who We Supervise*, N.Y. State Dep't of Fin. Servs., https://myportal.dfs.ny.gov/web/guest-applications/who-we-supervise (search name of institution field for "Bank of New York Mellon, The" and type of institution field "Trust Company") (last visited Nov. 16, 2023).

NOTICE OF REMOVAL - 4
CASE NO. 2:23-CV-01767

Morgan, Lewis & Bockius LLP
1301 Second Avenue
Suite 2800
Seattle, WA 98101
+1.206.274.6400

### 3. Doe Defendants Are Irrelevant for Purposes of Removal.

13. Under 28 U.S.C. § 1441(b)(1), the citizenship of a defendant sued under a fictitious name shall be disregarded. *See also Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) (disregarding the citizenship of defendants sued under fictitious names for purposes of removal); *Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) (same). Thus, the inclusion of "Doe" defendants in Plaintiff's Complaint has no effect on Defendants' ability to remove.

### 4. Complete Diversity of Citizenship Exists.

14. For the reasons set forth above, there is complete diversity of citizenship under 28 U.S.C. §§ 1332(a) and 1441(b) because this is a civil action between citizens of different states.

## B. The $75,000 Amount in Controversy Requirement Is Satisfied.

15. To establish diversity jurisdiction, the amount in controversy must exceed the sum or value of $75,000. 28 U.S.C. §1332(a).

16. A removing defendant's notice of removal must contain only "a short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014). The "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89. "[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id.* at 89–90 (quoting H.R. Rep. No. 112–10, p. 16 (2011)).

17. Where, as here, Plaintiff has not plead in the Complaint the amount of damages that he seeks, the Court may consider facts beyond the Complaint to determine whether the lawsuit meets the jurisdictional requirement. *See Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (citing *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). In such cases, the defendant seeking removal must prove by a preponderance of the evidence that it has met the amount in controversy requirement. 28 U.S.C. § 1446(c)(2); *Abrego*

NOTICE OF REMOVAL - 5
CASE NO. 2:23-CV-01767

MORGAN, LEWIS & BOCKIUS LLP
1301 Second Avenue
Suite 2800
Seattle, WA 98101
+1.206.274.6400

*Abrego*, 443 F.3d at 683. That is, the defendant must provide evidence that it is more likely than not that the amount in controversy meets the federal jurisdictional amount. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). This burden "is not a daunting one. . . . [A] removing defendant is not obligated to completely 'research, state, and prove the plaintiff's claims for damages.'" *54-40 Brewing Co. LLC v. Truck Ins. Exch.*, No. C21-5586, 2021 WL 6124788, at *2 (W.D. Wash. Dec. 28, 2021) (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204–05 (E.D. Cal. 2008)).

18. While Defendants deny Plaintiff's factual allegations and further deny that Plaintiff is entitled to any relief whatsoever, Plaintiff's allegations have put into controversy an amount "more likely than not" in excess of $75,000, exclusive of interest and costs.

    1. **Plaintiff's Request for Statutory Damages Places $5,000 in Controversy.**

19. Plaintiff has specifically requested "[s]tatutory damages equal to Plaintiff's and the Class members' actual damages or five thousand dollars, whichever is greater, pursuant to RCW 49.58.070(1)," placing, therefore, at least $5,000 in statutory damages in controversy for Plaintiff alone. Compl. § VII, ¶ 2.[3]

    2. **Plaintiff's Request to be Named Class Representative Places Approximately $20,000 in Controversy.**

20. Plaintiff has requested "[a]n Order certifying that this action be maintained as a class action and appointing Plaintiff as Class Representative and Plaintiff's counsel as Class Counsel." Compl. § VII, ¶ 1.

21. Plaintiff's Counsel has, in another Washington employment class action, moved for the approval of a class action settlement with the named plaintiff to receive a service award in the

---

[3] Alternatively, Plaintiff seeks actual damages for the "valuable time" spent applying to a job posting that did not include salary or wage information, to the extent those damages are greater than the $5,000 statutory damages. Compl. ¶ 18. Plaintiff alleges that, because of his inability "to evaluate the pay for position, negotiate that pay, and compare that pay to other available positions in the labor market," he was harmed. Compl. ¶ 19. Plaintiff therefore has not foreclosed seeking actual damages for an as-yet unidentified amount. Compl. § VII, ¶ 2. If Plaintiff seeks actual damages exceeding $5,000, the amount-in-controversy would be even greater than plead here.

NOTICE OF REMOVAL - 6
CASE NO. 2:23-CV-01767

MORGAN, LEWIS & BOCKIUS LLP
1301 Second Avenue
Suite 2800
Seattle, WA 98101
+1.206.274.6400

1  amount of $20,000.  Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement at 3, *Schneider v. Assurance IQ, LLC*, No. 22-2-15633-3 SEA (King Cnty. Super. Ct. Sept. 21, 2023).

22. It is reasonable to estimate that Plaintiff will also seek a $20,000 service award in this case.  Accordingly, Plaintiff places a $20,000 service award in controversy.

### 3. Plaintiff's Claim for Attorneys' Fees Places At Least $145,000 in Controversy.

23. Courts have held that an award of attorneys' fees, if such fees are authorized under applicable law, may be considered for purposes of calculating the amount in controversy. *See McGraw v. GEICO Gen. Ins. Co.*, No. C16-5876, 2017 WL 1386085, at *3 (W.D. Wash. Apr. 18, 2017) (concluding "that, whether the [attorneys'] fees are authorized by contract, statute, or case law, they may be included in the amount in controversy"); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007) (finding that attorneys' fees are included in the calculation of the amount in controversy under 28 U.S.C. § 1332(a)); *see also Kido as trustee for Kido v. Transamerica Life Ins. Co.*, No. C19-1858, 2020 WL 428978, at *3 (W.D. Wash. Jan. 28, 2020) (calculating attorneys' fees for inclusion in the amount in controversy); *Skau v. JBS Carriers, Inc.*, No. C18-681, 2018 WL 6804315, at *2 (W.D. Wash. Dec. 27, 2018) (concluding "it is more likely than not that the attorneys' fees that may be awarded in this case would exceed the remaining amount required to meet the amount in controversy requirement").

24. When estimating attorneys' fees for purposes of removal, the estimated amount is not limited to the fees incurred as of the time of removal, but include those future attorneys' fees that would reasonably accrue through the time the action is resolved. *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018).

NOTICE OF REMOVAL - 7
CASE NO. 2:23-CV-01767

MORGAN, LEWIS & BOCKIUS LLP
1301 Second Avenue
Suite 2800
Seattle, WA 98101
+1.206.274.6400

25. The reasonable estimate of attorneys' fees likely to be incurred through resolution of a case may be based upon fee awards in similar cases, plaintiff's counsel's hourly rate, and the number of hours counsel would likely spend on the case. *See Galt G/S*, 142 F.3d at 1155–56; *see also Kido as trustee for Kido*, 2020 WL 428978, at *3 (calculating Plaintiff's estimated attorneys' fees for the purpose of removal using Plaintiff's attorney's hourly rate and a reasonable estimate of the number of hours expected to be spent working on the case). With respect to fee awards in similar employment class actions, courts have recognized that attorneys handling employment class actions "typically spend *far more than 100 hours* on the case." *Lippold v. Godiva Chocolatier, Inc.*, 2010 WL 1526441, at *4 (N.D. Cal. Apr. 15, 2010) (emphasis added).

26. Here, a reasonable estimate of the number of hours Plaintiff's counsel likely will spend litigating Plaintiff's individual claims through trial, based on Plaintiff's allegations and a comparison of similar individual cases, is at least 200 hours. The parties will need to participate in a Rule 16 and 26(f) conference, prepare and file a joint case management conference statement, and appear at a case management conference. Defendants anticipate deposing the Plaintiff. Defendants anticipate that Plaintiff's counsel will depose multiple witnesses, including one or more Rule 30(b)(6) witnesses. Defendants anticipate filing a motion to dismiss and a motion for summary judgment. The Parties may have disputes regarding discovery that will involve the Parties briefing and arguing one or more discovery motions. Given the anticipated motion practice and the need for at least one case management conference, Defendants anticipate there will be at least four court appearances, separate and apart from any pretrial and trial practice before the Court. Therefore, 200 hours of attorney time represents a conservative, and certainly reasonable, estimate of the minimum number of attorney hours that can reasonably be anticipated through the resolution of this case.

27. Plaintiff's counsel's hourly rates are available through reference to publicly available fee requests in other cases.

NOTICE OF REMOVAL - 8
CASE NO. 2:23-CV-01767

MORGAN, LEWIS & BOCKIUS LLP
1301 Second Avenue
Suite 2800
Seattle, WA 98101
+1.206.274.6400

28. In separate litigation, attorneys from the law firm representing Plaintiff have sought an hourly rate of $725 for partners. Declaration of Timothy W. Emery in Support of Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards at 5, No. 22-2-05635-5 SEA (King Cnty. Super. Ct. Jul. 26, 2023). 200 hours of attorney time at a billing rate of $725 an hour equates with $145,000 in attorneys' fees. Plaintiff's claims therefore more likely than not place at least $170,000 in controversy.

| Remedy Requested | Amount in Controversy |
|---|---|
| Statutory Damages | $5,000 |
| Class Representative Award | $20,000 |
| Plaintiff's Attorneys' Fees | $145,000 |
| Total | $170,000 |

29. Accordingly, although Defendants expressly and emphatically deny Plaintiff's factual allegations and prayer for relief and deny that Plaintiff is entitled to any relief whatsoever, the amount in controversy more likely than not exceeds the jurisdictional threshold set forth in U.S.C. § 1332(a), based solely on the allegations contained in the Complaint.

## V. THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

30. As set forth above, this Notice of Removal is timely filed within thirty days of service of the Summons and Complaint upon Defendants.

31. Defendants will promptly serve this Notice of Removal on all parties and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

32. Defendants have sought no similar relief.

33. The prerequisites for removal under 28 U.S.C. §§ 1332(a), 1441 and 1446 have been met.

NOTICE OF REMOVAL - 9
CASE NO. 2:23-CV-01767

MORGAN, LEWIS & BOCKIUS LLP
1301 Second Avenue
Suite 2800
Seattle, WA 98101
+1.206.274.6400

Case 2:23-cv-01767-RSL   Document 1   Filed 11/17/23   Page 10 of 11

34. Because this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332(a), removal of this action is proper pursuant to 28 U.S.C. § 1441.

VI. **CONCLUSION**

Based on the foregoing, removal is proper to this Court. If any question arises as to the propriety of the removal of this action, Defendants respectfully request the opportunity to conduct jurisdictional discovery and to present a brief and oral argument in support of its position that this case is subject to removal.

Dated: November 17, 2023

**MORGAN, LEWIS & BOCKIUS LLP**

By: *s/ Damon C. Elder*
Damon C. Elder, WSBA No. 46754

By: *s/ Claire M. Lesikar*
Claire M. Lesikar, WSBA No. 60406

1301 Second Avenue, Suite 2800
Seattle, WA 98101
Phone: (206) 274-6400
Fax: (206) 274-6401
Email: damon.elder@morganlewis.com
Email: claire.lesikar@morganlewis.com

*Attorneys for Defendants*
BNY MELLON SECURITIES CORPORATION,
THE BANK OF NEW YORK MELLON
(incorrectly named as "Bank of New York Mellon")

NOTICE OF REMOVAL - 10
CASE NO. 2:23-CV-01767

MORGAN, LEWIS & BOCKIUS LLP
1301 Second Avenue
Suite 2800
Seattle, WA 98101
+1.206.274.6400

# CERTIFICATE OF SERVICE

I, Trang La, certify that on November 17, 2023, I caused a true and correct copies of the following documents to be served on counsel listed below in the manner indicated:

1. Defendants' Notice of Removal to Federal Court;
2. Defendants' Verification of State Court Records;
3. Defendants' Corporate Disclosure Statement; and
4. Notice of Filing of Notice of Removal.

| | |
|---|---|
| Timothy W. Emery, WSBA No. 34078<br>Patrick B. Reddy, WSBA No. 34092<br>Paul Cipriani, WSBA No. 59991<br>Emery \| Reddy, PLLC<br>600 Stewart Street, Suite 1100<br>Seattle, WA 98101<br>Phone: (206) 442-9106<br>Email: emeryt@emeryreddy.com<br>　　　reddyp@emeryreddy.com<br>　　　paul@emeryreddy.com<br><br>*Attorneys for Plaintiff and the Class* | ☐ Via Legal Messengers<br>☐ Via First Class Mail<br>☐ Via Facsimile<br>☒ Via Electronic Mail<br>☐ Via King County Clerk E-Service |

DATED this 17th day of November, 2023

　　　　　　　　　　　　　　　*s/ Trang La*
　　　　　　　　　　　　　　　Trang La
　　　　　　　　　　　　　　　Legal Assistant

NOTICE OF REMOVAL - 11
CASE NO. 2:23-CV-01767

Morgan, Lewis & Bockius LLP
1301 Second Avenue
Suite 2800
Seattle, WA 98101
+1.206.274.6400